LAW OFFICES OF TODD A. MURRAY
Todd A. Murray, Esq. SB#75364
1050 Fulton Avenue, Suite 218
Sacramento, CA 95825
Telephone: (916) 488-1795
Facsimile (916) 481-5080

Attorney for Plaintiff
JIM GASKINS dba GASKINS CONSTRUCTION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: | Case No.: 10-44130-A-7 |
| JAMES HASS, | |
| Debtor. | Adv. No.: 11-02041 |
| JIM GASKINS dba GASKINS CONSTRUCTION, | ~~(PROPOSED) ORDER AFTER TRIAL~~ FINDINGS & CONCLUSIONS |
| Plaintiff, | Trial Date: September 5, 2012 |
| v. | Time: 9:00 a.m. |
| JAMES DANIEL HASS, | Judge: Honorable Michael S. McManus |
| Defendant. | |

Plaintiff JIM GASKINS dba GASKINS CONSTRUCTION, by his adversary complaint seeks a finding of nondischarability pursuant to 523(a)(2) of the Bankruptcy Code, of a debt confirmed by a Second Amended Judgment dated November 19, 2009, following a Jury Verdict in the California State Court action in Sacramento County Superior Court entitled Gaskins vs. Hassco General Builders, Inc. et al., Case No. 34-2008-00007475 (the "State Court Action") against Defendant JAMES DANIEL HASS.

This adversary action was tried before the Honorable Michael S. McManus, Judge of the United States Bankruptcy Court, Easter District of California, on September 5, 2012. Attorney Todd A. Murray appeared for Plaintiff Jim Gaskins, who was present in court. Attorney Loretta Helen appeared for Defendant James Daniel Hass, who did not appear.

RECEIVED
October 05, 2012
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0004472068

The purpose of the trial was to determine the dischargeability of a debt under Bankruptcy Code Section 523(a)(2). The Plaintiff claimed that there is a valid debt owed by the bankrupt that arose as a direct result of the intentional misrepresentations of the Defendant and it therefore should not be discharged. Defendant denied that Section 523(a)(2) applied and contended the obligation should be found dischargeable.

Evidence was submitted in the form of Declarations and Exhibits from the California State Court Action. After reviewing the evidence, this Court finds that the Plaintiff established that in the State Court Action, a jury rendered a verdict in which it specifically found in a Special Verdict that Defendant Hass made intentional misrepresentations to Plaintiff Gaskins and that as a result, Plaintiff suffered damages in the amount of $160,000.00.

The jury further found that Hass engaged in such conduct with malice, oppression, or fraud, and awarded $100,000.00 in punitive damages. The punitive damage award was subsequently overturned by the Trial Court because of an absence of proof on the financial condition of Defendant, but the court denied Defendant's motions for Judgment Notwithstanding the Verdict and for New Trial on the merits of the Jury's findings. The Judge specifically denied such motions and in the Final Judgment, made the Jury's Special Verdict, including the finding of intentional misrepresentation, a part of the Judgment.

Plaintiff presented evidence that the amount of the debt is currently $131,875.63, and Defendant did not contest this amount.

Defendant made various arguments, including that the State Court Verdict allowing both contract and fraud damages, was inappropriate under California law and that the Judgment actually included only damages for contract claims. The court considered all of the arguments by Defendant and rejected them as either having more properly been the subject of appeal of the State Court Action or as being inapplicable.

Based on the evidence, the court found that there was a valid debt of $131,875.63, plus interest at the California legal rate of ten percent continuing from September 5, 2012. Further that the issues raised by Probate Court 5423(b)(2), as to dischargeability, were necessarily

| | |
|---|---|
| 1 | determined by the California Court and that all of the elements of collateral estoppel are present |
| 2 | and that the Judgment should therefore be given full faith and credit by this court. |
| 3 | Therefore, it ~~is Ordered~~ it will be determined that the obligation of $131, 875.63, plus ongoing interest, is |
| 4 | nondischargeable and shall survive the bankruptcy discharge of James Daniel Hass. |
| 5 | A separate judgment will be entered. |
| 6 | Dated: October 10, 2012     By the Court |
| 7 | |
| 8 | _____ |
| 9 | Michael S. McManus<br>United States Bankruptcy Judge |

(Proposed) Order After Trial

3